The opinion of the Court was delivered by
WaRDLAW, Ch.
Upon examination of the answer in this case, it appears that the defences pleaded are, that no gift was made to the female plaintiffs by Malinda Boyd, afterwards the wife of John Keith — that the donor had no legal 'estate in the chattels at the time of the gift — that the gift is void from the indebtedness of the donor at the time of gift — that the gift is void under the Act of 1832, (6 Stat. 483,) as to the defendant, a subsequent creditor of the donor, inasmuch as the donees lived with the donor, and had no actual possession of the chattels given — that defendant is a subsequent creditor and mortgagee, without notice of the gift, of John Keith, afterwards husband of the donor — and that if notice be fixed upon him, he, as administrator of John Keith, is entitled to administer the chattels given, as assets of his intestate, in behalf of creditors of Keith, who had no notice of the gift. We are satisfied with the conclusions of the Chancellor as to all of these grounds of defence, and we consider it necessary to add little to his reasoning. It is well, however, to say that no indebtedness whatsoever of the donor, at the time of the gift, or subsequently, is proved, unless we assume, in the absence of express proof, that she and defendant joined in one administration bond. It is the usual, but not the necessary course of proceeding, that joint administrators give a single bond. The defendant was *518 no creditor of Malinda Boyd, unless lie were surety upon her administration bond. If she gaye a separate bond for her administration of the estate of Samuel Boyd, to which bond the defendant was no surety, she never incurred debt to her co-administrator ; and supposing that she committed a devastavit in giving away the estate, she incurred a debt to herself, which was extinguished by the concurrence of the characters of debtor and creditor; and she could be made responsible on her bond as administratrix, and not otherwise.
The discussion in this Court has been principally concerning the truth of the proposition, that by marriage a husband becomes purchaser for valuable consideration of the wife’s chattels in possession, in the sense in which the term purchaser is used in the Act of 1832. A general rule in the interpretation of statutes is, to define the words employed by the Legislature, in their popular sense. It was argued before us, that the term purchaser, in the Act of 1832, must be understood in the technical sense of one who acquires estate by any other mode than by descent. This distinction between purchase and descent is applicable to real estate only, for personal property is never acquired by descent; and if applied to personalty, this definition of purchase would lead to the absurdity that a subsequent, voluntary donee might set aside a previous gift by his donor. Purchaser in the Act of 1832, must mean one who buys the chattel for money or other valuable consideration. Whether the husband is a purchaser in this popular sense, under the Act of 1832, is a question upon which we have attained no conclusion; and we reserve the decision of it until it may be presented by proper pleading. In the present case, the question is not presented by the pleadings. It is true that the marriage of Keith with the donor, and his subsequent possession of the slaves, the subject of gift, are stated in the answer; and this statement might be considered as sufficient allegation that the husband was a purchaser; but the material, integral, portion of this defence, that the husband purchased without notice, *519 is altogether omitted. This omission accounts for the fact, that defendant’s claim as mortgagee of the husband in the character of purchaser from the donor, was not argued on the Circuit, nor considered by the Chancellor. The point that a husband is a purchaser under the Act of 1832, is very vaguely, if at all, suggested in the grounds of appeal. In the third ground of appeal, which is the only one containing any hint of the point, the last words “subsequent purchasers” more naturally refer to the purchasers under the sale for foreclosure, than to a single purchaser, the husband.
If Keith had notice, before marriage, of the gift made by his wife while Malinda Boyd, the gift was no fraud upon his marital rights: on the contrary, it would be a fraud in him to purchase the chattels with the view of avoiding the gift. Where one has notice of an instrument of conveyance void for incompleteness of execution, for example, of a devise of lands without attesting witnesses, he may safely, notwithstanding notice, treat the instrument as legally invalid, and, in disregard of it, may make a contract concerning the subject. Hot so of an instrument complete in itself, but declared void by the Legislature, from considerations of policy, as to particular classes of persons. Now a parol gift of a chattel, although the donee may not have actual and separate possession, is as complete and valid, since the Act of 1832, as before, so far as concerns the parties, volunteers claiming under them, and all other persons, except subsequent creditors, purchasers and mortgagees, who may avoid the gift. One who credits a donor in possession of a chattel, looking to the chattel for payment, or buys or becomes mortgagee of the chattel, after notice of a gift of it, commits a fraud upon the donee, and deserves no favor in a Court of Equity. The want of notice of the gift to the husband, Keith, is an essential part of the defendant’s defence; and of course should have been alleged in the answer. Besides answering the plaintiff’s case as made by the bill, a defendant must state to the Court in the answer, all the circumstances of which he *520 intends to avail himself by way of defence; for it is a rule, that a defendant is hound to apprise a plaintiff, by his answer, of the nature of the case he intends to set up, and that, too, in a clear and unambiguous manner; and a defendant cannot avail himself of any matter in defence, which is not stated in his answer, even though it should appear in his evidence. Dan. C. P. 814, 992; Stanley vs. Robinson, 4 C. E. C. R. 544; Harrison vs. Borwell, 16 E. C. R. 380; Smith vs. Clarke, 12 Ves. 477. A plea of purchaser for valuable consideration without notice, must set forth the various requisites of the defence with such convenient certainty as to form a definite issue when traversed, and must not rest in intendment, or in general terms and allegations. 2 White & T. L. C. pt. 1, 116; Story, Eq. PI. 806. Amongst other things, such plea must deny notice of the plaintiff’s title, or claim, previously to the execution of the deed and payment of the purchase-money. Dan. 0. P. 777.' As Chancellor Harper remarks, in Chesnut vs. Strong, 2 Hill, Ch. 150, “when the want of notice is relied upon as a defence, the defendant is required to deny the notice explicitly on oath.”
It is scarcely ever safe to allow deviations from the regular procedure of the Court; and where the general justice of the case is so clearly against a defendant, as in the present instance, there is special propriety in restricting him to the de-fences he has regularly stated.
It is ordered and decreed, that the decree be affirmed and the appeal be dismissed.
Johnston, Dunkin and Dargan, CO., and O’Neall, Ward-law, Ekost and WITHERS, JJ., concurred.